UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

The Seneca-Cayuga Tribe of
Oklahoma, a federally recognized
Indian Tribe,

                                          Plaintiff,

   -v.-                                                   5:03-CV-00690
                                                               (NPM)

Town of Aurelius, New York,
Town of Montezuma, New York,
County of Cayuga, New York, George
E. Pataki, as Governor of the State of
New York, Eliot Spitzer, as Attorney
General of the State of New York, and
Cayuga Indian Nation of New York,

                                          Defendants.

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| MARISCAL, WEEKS, McINTYRE & FRIEDLANDER, P.A.<br>Attorneys for Plaintiff<br>2901 North Central Avenue<br>Suite 200<br>Phoenix, Arizona 85012 | GLENN M. FELDMAN |
| WHITE & CASE, LLP<br>Attorneys for Defendants, Towns of Aurelius and Montezuma and County of Cayuga, New York<br>1155 Avenue of the Americas<br>New York, New York 10036 | DWIGHT A. HEALY<br>ANDREA CHILLER, *pro hac vice* |
| OFFICE OF THE NEW YORK STATE ATTORNEY GENERAL | CHRISTOPHER W. HALL<br>DAVID B. ROBERTS |

| | |
|---|---|
| Attorneys for Defendants, Eliot Spitzer and George E. Pataki<br>The Capitol<br>Albany, New York 12224 | GORDON J. JOHNSON |
| JENNER & BLOCK, LLP<br>Attorneys for Defendant, Cayuga Indian Nation of New York<br>601 Thirteenth Street, NW<br>Suite 1200 South<br>Washington, DC 20005-3823 | DANIEL MACH, ESQ. |
| GREEN & SEIFTER PLLC<br>Attorneys for Defendant, Cayuga Indian Nation of New York<br>900 One Lincoln Center<br>110 West Fayette Street<br>Syracuse, New York 13202 | LEE ALCOTT, ESQ.<br>DANIEL J. FRENCH, ESQ.<br>KIMBERLY M. ZIMMER, ESQ. |
| DREYER BOYAJIAN, LLP<br>Attorneys for Defendant, Cayuga Indian Nation of New York<br>75 Columbia Street<br>Albany, New York 12210 | CHRISTOPHER A. AMATO, ESQ.<br>DANIEL J. STEWART, ESQ. |
| JOSEPH J. HEATH, ESQ.<br>Attorney for Defendant, Cayuga Indian Nation of New York<br>716 East Washington Street<br>Suite 104<br>Syracuse, New York 13202 | |

Neal P. McCurn, Senior District Judge

## MEMORANDUM, DECISION AND ORDER

*I. Introduction*

Familiarity with the history of this case is presumed, and for the sake of brevity, it will not be repeated here. See Seneca Cayuga Tribe of Oklahoma v. Town of Aurelius, New York, 03-CV-690, 2004 WL 1945359 (N.D.N.Y. Sept. 2004). A stay of this action has been in effect since November 2004, pending ratification of a settlement agreement between the plaintiff, Seneca Cayuga Trib[e] of Oklahoma ("the Tribe") and the State of New York, with which defendants, George Pataki and Eliot Spitzer ("the State Defendants") were involved.

Since that time, the legal landscape has changed significantly. In late Ma[y] 2005, the Supreme Court issued its opinion in City of Sherrill v. Oneida Indian Nation of New York, 125 S.Ct. 1478 (2005), which essentially held that the One[ida] Nation was barred by the equitable doctrines of laches, acquiescence and impossibility from asserting its sovereignty to protect against taxation of land it holds in fee simple within its historic reservation area. See id. at 1494. Three months later, the Court of Appeals for the Second Circuit issued its opinion in Cayuga Indian Nation of New York v. Pataki, 413 F.3d 266 (2d Cir. 2005)[1], reversing this court and entering judgment for defendants based on the equitable defense of laches as set forth in City of Sherrill. See Cayuga, 413 F.3d at 276, citing City of Sherrill, 125 S.Ct. at 1483-94.

Shortly thereafter, the defendants here, Towns of Aurelius and Montezum[a,] New York, and County of Cayuga, New York ("the Municipal Defendants") ask[ed] this court to lift the stay. Said request was denied, but Municipal Defendants we[re] given until September 30, 2005 to file a motion to dismiss or for summary judgment.

The State and Municipal Defendants (hereinafter, "Defendants") promptl[y]

---

[1] A petition for certiorari was filed on February 3, 2006. See No. 05-978.

2

filed a joint motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). The Tribe opposes.[2] Defendant, the Cayuga Indian Nation of New York ("the Nation"), responds to the motion only insofar as it reiterates its previous position that the Tribe is not a successor in interest to a signatory of the 1794 Treaty of Canandaigua.

Oral argument was heard regarding the aforementioned pending motion o November 29, 2005 in Syracuse, New York. Decision was reserved.

## II. Discussion

### A. Standard

On a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12( the moving party will prevail if it is entitled to judgment as a matter of law. See Rolon v. Henneman, 389 F.Supp.2d 517, 518 (S.D.N.Y. 2005), citing Burns Int' Sec. Servs., Inc. v. Int'l Union, United Plant Guard Workers of Am., 47 F.3d 14 16 (2d Cir. 1994). The standard for deciding such a motion mirrors that which i applied to Rule 12(b)(6) motions to dismiss for failure to state a claim upon whi relief may be granted. See Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Americas, 2005 WL 1950116, at *3(S.D.N.Y. Aug. 12, 2005), citing Sheppard v Beerman, 18 F.3d 147, 150 (2d Cir.1994). In other words, the court must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant. See id. When deciding a Rule 12(c) motion, the court shall consider "the pleadings and exhibits attached thereto, statements or documents incorporated by reference in the pleadings, matters

---

[2] The Tribe further asks the court to convert Defendants' motion to one for summary judgment pursuant to Fed. R. Civ. P. 56. The court declined said request during the hearing o oral argument on the pending motion.

3

subject to judicial notice, and documents submitted by the moving party, so long such documents either are in the possession of the party opposing the motion or were relied upon by that party in its pleadings." Aristocrat Leisure, 2005 WL 1950116, at *3, quoting Prentice v. Apfel, 11 F.Supp.2d 420, 424 (S.D.N.Y.199 (citing Brass v. Am. Film Techs., Inc., 987 F.2d 142, 150 (2d Cir.1993)).

In their moving papers, the Defendants argue that they are entitled to judgment as a matter of law because, they contend, as City of Sherrill now make clear, the Tribe is subject to state and local zoning and taxation laws. Defendant further argue that based on Cayuga, the Tribe is precluded from arguing against application of the doctrines of laches, acquiescence or impossibility to this case. Defendants also wrote a letter to the court citing Judge Hurd's recent opinion in Cayuga Indian Nation of New York v. Village of Union Springs, 390 F.Supp.2d 203 (N.D.N.Y. 2005), in support of the pending motion.

The Tribe's arguments in opposition to the pending motion are based sole on the Indian Gaming Regulatory Act, 25 U.S.C. §§ 2701-2721 (2005) ("IGRA' and its governance of their ability to conduct gaming on the property that is the subject of this action ("the Property").[3] In fact, the Tribe's memorandum of law completely devoid of any mention of their alleged sovereignty and immunity against state or local zoning and land use regulations regarding their activities on the Property. The Tribe argues that the court should not only deny the Defendar motion, but should further issue an order affirming the Tribe's right to conduct Class II gaming on the Property under IGRA.

---

[3] The Property consists of 229 acres of land the Tribe owns in fee simple within the Municipal Defendants' boundaries, which is also located within the 64,015 acres that were the subject of the Cayuga Land Claim.

The Nation, upon permission of the court, filed a reply memorandum in order to set forth the argument that IGRA precludes, not protects, the Tribe's proposed gaming operation on the Property. According to the Nation, IGRA prohibits an Indian tribe from conducting gaming in more than one state. Becau[se] the Tribe already operates a gaming facility in the state of Oklahoma, the Natio[n] argues, it may not also operate a gaming facility in the state of New York.

The court will address the Tribe's purported IGRA claim first, before proceeding to discuss the basis of Defendants' motion.

### B. IGRA

In their reply papers, Defendants counter the Tribe's assertion that IGRA preempts state or local regulation of activity on the Property by arguing they are entitled to judgment on the pleadings as to only the claims in the Complaint, an[d] that the Complaint fails to state any claim under IGRA. At oral argument, the Tribe argues that the notice pleading standard of Fed. R. Civ. P. 8 requires that t[he] Complaint be interpreted to state a claim for relief under IGRA.

Rule 8 of the Federal Rules of Civil Procedure requires only that a compl[aint] include, among other things, "a short and plain statement of the claim" in order t[o] comply with what the Supreme Court has described as the liberal "notice pleadi[ng]" standard to be applied by federal courts. Fed. R. Civ. P. 8(a)(2); Swierkiewicz [v.] Sorema N. A., 534 U.S. 506, 514, 122 S.Ct. 992, 999 (2002), citing Conley v. Gibson, 355 U.S. 41, 48, 78 S.Ct. 99 (1957). The purpose of this standard is "to focus litigation on the merits of a claim." Swierkiewicz, 534 U.S. at 514, 122 S.[Ct.] at 999, citing Conley, 534 U.S. at 514, 122 S.Ct. at 999. In fact, according to th[e] Court, "[t]he liberal notice pleading of Rule 8(a) is *the starting point* of a simplified pleading system ." Id. (emphasis added), citing Conley, 534 U.S. at

514, 122 S.Ct. at 999. ("The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome a accept the principle that the purpose of pleading is to facilitate a proper decision the merits.")

Here, the Tribe commenced the present action in June 2003, seeking a declaration that the Property is Indian Country within the definition of 18 U.S.C 1151(a), and that the Tribe has sovereign jurisdiction of the Property.  The Tribe also seeks a declaration that Municipal Defendants "are without authority or jurisdiction in, and preempted from, applying or enforcing [their] zoning and lar use laws, or any other laws, ordinances, rules, regulations or other requirements which seek or purport to regulate, license or otherwise interfere with building activities and/or land usage occurring on the Property, or seeking to impose any local property tax against the Tribe and the Property." Compl. at 11.  The Tribe likewise seeks an injunction preventing any attempts by Municipal Defendants t apply or enforce same.  See id.  In support of its current argument that this court should read the Complaint to state a claim under IGRA, the Tribe cites to the aforementioned language, as well as the factual assertion that it recently "commenced construction of a 'Class II gaming' facility [] on the Property", citi IGRA.  See Compl. ¶ 33.

Apparently, the Tribe's position is that the language "or any other" in the Complaint, along with the statement of fact in the Complaint regarding Class II gaming and the accompanying citation to IGRA, provides sufficient notice to the Defendants that the Tribe is also setting forth a claim pursuant to IGRA.  Such a contention is dubious, especially considering the procedural posture of this actio The court cannot possibly allow the Tribe to assert its IGRA claim at this late

6

stage, when discovery has been closed for more than one year. To do so would
highly prejudicial, and would clearly exceed the bounds of the notice pleading
standard, however liberal it may be. As such, the court declines the Tribe's requ
to issue an order affirming its right to conduct Class II gaming on the Property
under IGRA.

### C. *City of Sherrill*

The basis for Defendants' Rule 12(c) motion will now be addressed. Initially, the court notes that the issue raised here by Defendants as to whether C of Sherrill mandates judgment on the pleadings in this case, is virtually identical the issue recently raised before Judge Hurd in Union Springs, albeit on a motion for summary judgment. In that case, the Nation sought declaratory and injunctiv relief which mirrors the relief sought by the Tribe in this case. Likewise, the municipal defendants in Union Springs filed a counterclaim seeking declaratory and injunctive relief relating to the zoning and land use of the property in that ca which the Nation purchased in fee simple, and which is located within the defendants' municipal boundaries, and within the land claim area. In Union Springs, Judge Hurd granted summary judgment to the defendants based solely the equitable doctrine of impossibility as applied in City of Sherrill. See Union Springs, 390 F.Supp.2d at 206, citing City of Sherrill, 125 S.Ct. at 1493. Applyi City of Sherrill, Judge Hurd noted that

> The Nation's efforts to avoid dismissal in light of City of Sherrill are undermined by the Supreme Court's focus on the disruptive nature of exemption from taxation by local government. If avoidance of taxation is disruptive, avoidance of complying with local zoning and land use laws is no less disruptive. In fact, it is even more disruptive. The Supreme Court clearly expressed its concern about the disruptive effects of immunity from state and local zoning laws, even to the point

>of citing to this case as an example. See City of Sherrill, 125 S.Ct. at 1493 n. 13. Even the lone dissenter, Justice John Paul Stevens, opined that local taxation was the "least disruptive to other sovereigns," and noted that "[g]iven the State's strong interest in zoning its land without exception for a small number of Indian-held properties arranged in checkerboard fashion, the balance of interests obviously supports the retention of state jurisdiction in this sphere." Id. at 1497 n. 6, 161 L.Ed.2d 386 (Stevens, J., dissenting) (citing California v. Cabazon Band of Mission Indians, 480 U.S. 202, 215, 107 S.Ct. 1083, 94 L.Ed.2d 244 (1987)). The Nation is seeking relief that is even more disruptive than non payment of taxes. The Supreme Court's strong language in City of Sherrill regarding the disruptive effect on the everyday administration of state and local governments bars the Nation from asserting immunity from state and local zoning laws and regulations.

Union Springs, 390 F.Supp.2d at 206. Defendants here argue that Judge Hurd's rationale in Union Springs applies to this case with equal force, and therefore, judgment on the pleadings should be entered in their favor. The court agrees, an elects to follow Judge Hurd's thoughtful reasoning in that case. Here, as in Unic Springs, the doctrine of impossibility bars the Tribe from asserting immunity fro state and local zoning laws and regulations, as well as state and local taxation la and regulations. For this reason, Defendants are entitled to judgment as a matter law on all counts of the Complaint. Accordingly, Defendants' motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) must be granted.

### III. Conclusion

The motion by Defendants, Towns of Aurelius and Montezuma, New Yor County of Cayuga, New York, George E. Pataki, and Eliot Spitzer, for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) is hereby granted. As such, th stay, which has been in effect since November 2004, is lifted. Further, the pendi motion for a preliminary injunction by plaintiff, Seneca-Cayuga Tribe of

Oklahoma, see Dkt. No. 16, as well as the pending cross motions for a preliminary injunction by defendants, Towns of Aurelius and Montezuma, and County of Cayuga, see Dkt. No. 24, and George E. Pataki and Eliot Spitzer, see Dkt. No. 31 are moot. Accordingly, the Clerk of the Court is directed to serve a copy of this Memorandum, Decision and Order on all parties and close the file.

IT IS SO ORDERED.

DATED:   February ___, 2006
         Syracuse, New York

                                    _____
                                    Neal P. McCurn
                                    Senior U.S. District Judge